Filed 12/20/13  Park v . Song CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JONG S. JIN PARK,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>TIMOTHY JINHO SONG et al.,<br><br>    Defendants and Respondents. | B246646<br><br>(Los Angeles County<br>Super. Ct. No. BC471474)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on November 21, 2013, be modified in the following manner:

On page 5, in the fourth line from the top of that page, the words "a monthly salary" shall be replaced with the words "monthly wages."

This modification does not constitute a change in the judgment.

The petition for rehearing is denied.

NOT TO BE PUBLISHED.

MALLANO, P. J.                    ROTHSCHILD, J.                    CHANEY, J.

Filed 11/21/13  Park v. Song CA2/1 (unmodified version)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| JONG S. JIN PARK, | B246646 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC471474) |
| v. | |
| TIMOTHY JINHO SONG et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  William F. Fahey, Judge.  Affirmed.

———

Law Offices of Barry G. Florence and Barry G. Florence; Lee Law Offices and Thomas M. Lee for Plaintiff and Appellant.

Marh & Associates, David Marh and Simon H. Langer for Defendants and Respondents.

———

Jong S. Jin Park appeals from the judgment entered after a bench trial in which the trial court found in favor of Timothy Jinho Song, doing business as Fashion Avenue, and Carol's Fashion, Inc. on Park's causes of action for failure to pay overtime compensation, violation of Labor Code sections 203 (failure to make payments within required time) and 226.7 (failure to provide mandated meal and rest periods) and violation of Business and Professions Code section 17200 (unfair competition). The trial court ruled against Carol's Fashion on Park's cause of action for violation of Labor Code section 226 (failure to provide employee itemized statements) and awarded the maximum statutory penalty of $4,000. Park contends the judgment should be reversed to the extent the court ruled against her on her cause of action for unpaid overtime compensation. We disagree and thus affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 14, 2011, Park filed a complaint against Song and Carol's Fashion, seeking alleged unpaid overtime compensation, statutory penalties and injunctive relief. Song and Carol's Fashion filed an answer, asserting a general denial to the complaint and alleging as an affirmative defense, among others, that Park was exempt as an executive or administrative employee, or both, from overtime compensation requirements.

The trial court held a two-day bench trial on October 30 and 31, 2012. The court initially ruled for Song on all causes of action, concluding Song was not Park's employer and Park had not established alter ego liability. The court then found for Carol's Fashion on the causes of action for failure to pay overtime compensation, violation of Labor Code sections 203 and 226.7 and violation of Business and Professions Code section 17200. It ruled against Carol's Fashion on the cause of action for violation of Labor Code section 226 and awarded the maximum statutory penalty of $4,000 based on the admission of Carol's Fashion that it had not provided Park with the required itemized statements regarding her wages.

With respect to its ruling for Carol's Fashion, the trial court explained its reasoning: "The Court specifically finds a factual basis that the plaintiff and the Defendant corporation, Carol's Fashion[,] Inc.[,] entered into a common scheme to

2

defraud both the State of California and the Federal government of taxes in this case. In addition, there was an attempt likely to defraud the Social Security Administration and maybe the workers' compensation department of the State of California. And for that reason the parties agreed explicitly or implicitly not to keep adequate and current records. The benefit to the Plaintiff clearly was she, unlike the rest of us, avoided paying substantial taxes over many years and that's why she did not complain and for whatever reason there was a falling out between the parties in late 2011 and within one month of her termination or exit from the Defendant company, she filed this lawsuit for the first time complaining that she did not get wage statements and she did not get overtime.

"Further the court finds that the Plaintiff was an employee both under the executive and administrative exemption and that she did regularly manage the enterprise by which she was employed, customarily and regularly directed the work of multiple employees, had the authority to and did hire and fire and reprimand and sanction other employees, customarily and regularly exercised discretion and independent judgment, and worked on general business operations for the employer. She had full latitude to run the Anaheim store for all of these years. The oversight by the Defendant corporation was minimal. Her schedules and other decision making were frankly just rubber stamped by corporate headquarters. The once a week visit by [the district manager] to deal with marketing and display i[n] no way undermines the Defendant's claim that she was an exempt employee. She did exercise discretion and independent judgment and she did so far more than 50 percent of the hours that she was employed at the company for those years. She was paid as she and Defendant agreed to. There was an explicit mutual wage agreement. At a minimum it was for the hours and amounts reflected on the envelope but it likely was for cash in addition to that in any event because the Plaintiff failed to call the one corroborating witness who as far as [the court] can tell was available to her. [The court] find[s] that . . . Song[] was more credible, particularly on the explicit mutual wage agreement, and, therefore, the Plaintiff did not carry her burden of proof in this case by a preponderance of the evidence."

3

The trial court entered an amended judgment in accordance with its rulings. Park filed a timely notice of appeal.

## DISCUSSION

According to Park, the judgment should be reversed to the extent that the trial court found for Carol's Fashion on the cause of action for unpaid overtime compensation. Park contends the evidence is lacking that she made more than two times minimum wage, as necessary for an employee to qualify for the administrative and executive exemptions from overtime compensation requirements. Park also contends the court prejudicially erred by admitting testimony related to the reporting of her income for tax purposes. We disagree with Park's contentions.[1]

Park challenges the trial court's finding that she was exempt from overtime compensation by arguing that the evidence was deficient on the requirement that the executive or administrative exemption applies only if the employee "earn[s] a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment. Full-time employment is defined in Labor Code section 515(c) as 40 hours per week." (Cal. Code Regs., tit. 8, § 11040, subds. 1(A)(1)(f) & 1(A)(2)(g) [Industrial Welfare Commission's Wage Order 4-2001].) According to Park, this element of the exemptions was not met because the court erroneously concluded that the parties had a mutual agreement regarding wages. Regardless of the existence of any such agreement, sufficient evidence supports the conclusion, and implied finding, that Park on a monthly basis was paid more than twice the minimum wage. Park testified that she made

---

[1]     Park does not challenge the judgment to the extent that the trial court found for Carol's Fashion on the causes of action for violation of Labor Code sections 203 and 226.7 and violation of Business and Professions Code section 17200. She contests the court's finding of nonliability as to Song only by claiming that, once the court allowed testimony relating to her failure to report her income for tax purposes, it was biased against her and did not fully consider her arguments as to Song's purported liability. Given our conclusion that no prejudice resulted from admission of the testimony relating to income taxes, and the court's comments at the hearing on Song's purported liability, no support exists for Park's claim that the court was biased and failed to fully consider her arguments.

approximately "$2,200 for every two weeks," which roughly equates to $4,700 per month.  As the court assumed for purposes of its decision, an assumption agreed to by Park's counsel, twice the minimum wage for the relevant period was $15 or $16 per hour, which for a 40-hour work week equates to a monthly salary in the approximate range of $2,600 to $2,775.[2]  Park's approximate salary of $4,700 per month thus is well above twice the minimum wage for full-time employment.[3]

As to Park's claim that the trial court erroneously admitted testimony related to reporting her income for tax purposes, during cross-examination of Park, defense counsel asked her, "I'm curious, then, how did you report your income tax if you didn't have any W-2s or pay stubs or anything?"  Park's counsel objected on the ground of "taxpayer privilege."  The court overruled the objection, allowing Park's counsel to provide authority to support his objection the following day and stating that it would strike the testimony if it then found the objection meritorious.  Park answered, "Because I didn't receive those, I couldn't pay."  The following day, during defense counsel's examination of Song, he asked, "Did [Park] tell you why she wanted cash as opposed to checks with pay stubs and records?"  Song answered, "Yes, because she didn't want to pay any income tax."  Park's counsel again objected on the ground of "taxpayer privilege."  The court responded, "Let me just indicate I read both your briefs and opposing counsel's briefs and the objection is overruled.  You cited one case, [Park's counsel], which is not on point.  And the case deals with whether or not it's appropriate for tax authorities to provide information that it was otherwise deemed private.  The case, however, does not

---

[2]     The minimum wage in California in 2007 when Park began her employment was $7.50 per hour.  It rose to $8.00 per hour on January 1, 2008 and remained at that rate for the duration of Park's employment.  (See www.dir.ca.gov/iwc/Minwage2007.pdf (MW-2007); see also www.dir.ca.gov/iwc/minimumwagehistory.htm.)  We take judicial notice of these facts, which are in line with the assumptions of the trial court and the parties in connection with the determination whether Park was an exempt employee.  (Evid. Code, § 452.)

[3]     Although Park additionally argues that the trial court erred by concluding a mutual wage agreement existed, that conclusion is not necessary to resolution of the case, given Park's status as an exempt employee.

5

hold that a question pertaining to whether somebody filed a tax return or not is objectionable and invades any sort of so-called taxpayer privilege. [¶] Further, under Evidence Code section 780, I believe the information is relevant. And finally I think it goes to the bias and/or improper motive of the plaintiff if she was setting forth a scheme or a methodology by which she was going to get paid and, unlike the rest of us in the State, didn't want to pay taxes on it. I think that's relevant to improper motive and it's going to go clearly to her bias, credibility, and motive in this case. [¶] So you can argue at the end of the day how much weight that should be given, but your objection is overruled and the testimony remains."

Park contends the testimony related to reporting her income for tax purposes was privileged and thus the trial court should have sustained objections to the questions asked of her and Song about that subject. We need not decide whether the testimony was privileged (see *Sav-On Drugs, Inc. v. Superior Court* (1975) 15 Cal.3d 1, 6 [legislative intent in Rev. & Tax Code, § 7056 is "that disclosures made in tax returns shall not be indiscriminately exposed to public scrutiny"]) because its admission did not prejudice Park. (Evid. Code, § 353 [reversal of judgment based on erroneous admission of evidence requires showing that error resulted in miscarriage of justice]; *Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 282 [evidentiary error merits reversal of judgment only if appellant can demonstrate that a different ruling would have made difference in outcome].) The testimony relating to the reporting of Park's income for tax purposes had no bearing on the factors the court was required to consider to determine whether Park was an exempt employee and thus not subject to overtime compensation requirements. As the court stated, the relevance of the testimony was to credibility. With respect to credibility, the court recognized that, as to Park's wages, Park had not reported income and Song had not paid taxes, noting that they "entered into a common scheme to defraud the State of California and the Federal government of taxes in this case. In addition, there was an attempt likely to defraud the Social Security Administration and maybe the workers' compensation department of the State of California. And for that reason the parties agreed explicitly or implicitly not to keep

6

adequate and current records." In terms of the outcome of the case, therefore, the testimony regarding taxes was a challenge to Park's and Song's credibility. No miscarriage of justice resulted from admission of the testimony.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, J.

We concur:


MALLANO, P. J.


CHANEY, J.


7